Ryan Lee, Esq. 024846
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff
ROBERT WEISS

## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT WEISS, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| PRAXIS FINANCIAL SOLUTIONS, | |
| Defendant. | |

## VERIFIED COMPLAINT

ROBERT WEISS (Plaintiff), by his attorneys, KROHN & MOSS, LTD., allege the following against PRAXIS FINANCIAL SOLUTIONS, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt

- 1 -

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in the Green Valley, Pima County, Arizona and are allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with its headquarters in Lincolnwood, Illinois.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff, seeking and demanding payment for an alleged debt.

12. Defendant constantly and continuously places collection calls from the number (847) 676-1111 seeking and demanding payment for an alleged consumer debt.

13. Defendant constantly and continuously places collection calls to the number (520) 203-2868 seeking and demanding payment for an alleged consumer debt.

14. Defendant failed to properly identify itself while seeking and demanding payment for an alleged consumer debt.

15. Defendant failed to notify the Plaintiff that it was a debt collector. They further failed to notify the Plaintiff that anything said during the conversation would be used in the collection of the alleged debt.

16. Defendant failed to provide Plaintiff with a 30 day validation notice within five days following the initial communication.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

- 3 -

    d. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations and means in connection with the debt collection.

    e. Defendant violated *§1692e(10)* of the FDCPA by making false representations and engaging in deceptive means to collect a debt or obtain information about Plaintiff.

    f. Defendant violated *§1692e(11)* of the FDCPA failing to properly identify itself when seeking and demanding payment for the alleged consumer debt.

    g. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect a debt.

    h. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, ROBERT WEISS, respectfully requests judgment be entered against Defendant, PRAXIS FINANCIAL SOLUTIONS, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT WEISS, demand a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  August 20, 2009            KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, ROBERT WEISS, state as follows:

1. I am the Plaintiff in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, we have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT WEISS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8-14-09                                   _____
                                                                    ROBERT WEISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — YES (NO)
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _FEELING THEY COULD HARASS ANY TIME, ANY PLACE, EVEN IN HOSPITAL_

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-14-09

Signed Name

ROBERT T. WEISS
Printed Name